IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RODNEY M. LUNDY, AIS # 191057,** : | |
| Plaintiff, : | |
| vs. : | CIVIL ACTION 12-0439-WS-C |
| **JERRY FERRELL,** *et al.*, : | |
| Defendants. : | |

**REPORT AND RECOMMENDATION**

Plaintiff, an Alabama prison inmate proceeding *pro s*e and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983, which was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  After careful consideration, it is recommended that plaintiff's action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[1]

**I. Complaint (Doc. 1).**

Plaintiff's claims are related to a disciplinary hearing that occurred on October 5, 2009 at Fountain Correctional Center ("Fountain") after his transfer from Mobile Work Release.  (Doc. 1 at 7).  In connection with this disciplinary, plaintiff's makes the following allegations.

Even though no warrant had been issued, defendant Drew, the hearing officer at Fountain, found plaintiff guilty of domestic violence based on hearsay testimony.  (*Id.* at 3, 4, 7,

---

[1] Not only did plaintiff file this action, he filed *Lundy v. Burrell, et al.,* CA No. 12-0480-WS-B (S.D. Ala.) (pending screening), on or about July 27, 2102, concerning other claims that arose from the incident that is the subject to the present action, but which occurred at work release.

8).  Defendant Drew denied plaintiff's request for "compulsory process for obtaining a witness," Angela Jenkins, plaintiff's girlfriend, in violation of the Sixth Amendment.  (*Id.* at 7).  Defendant Ferrell, Fountain's warden, allegedly conspired with defendants Drew and Dunning when he blocked Angela Jenkins from coming into the prison in violation of plaintiff's Sixth Amendment rights.  (*Id.* at 4, 7-8).

Plaintiff's disciplinary arose as a result of his girlfriend calling the Mobile Police Department, claiming plaintiff had assaulted her and had stolen her car, and making a complaint with the police department.  (*Id.* at 3, 7).  Mobile police officer, H. T. Barnes did not believe plaintiff's girlfriend so a warrant was not obtained; but he called work release to determine if they wanted him to hold plaintiff without a warrant.  (*Id.*).  Plaintiff was taken from his mother's home to work release.  (*Id.* at 3).  Defendant Dunning, the arresting officer at work release, falsely charged plaintiff with violating a "state or federal statute" and a condition of the "leave and pass" program, thereby violating plaintiff's Fourth, Fifth and Fourteenth Amendment rights.  (*Id.* at 3, 4, 7).  The relief requested by plaintiff is compensatory and punitive damages stemming from his lost wages and expunction of the disciplinary from his file.[2][3]  (*Id.* at 6).

**II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because plaintiff is proceeding *in forma pauperis*, the Court is reviewing the complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."  *Neitzke v. Williams*, 490 U.S. 319,

---

[2] Plaintiff mentions "unknown defendants who insured the bonding of defendants Ferrell, Drew, and Dunning" (Doc. 1 at 8), but did not list them in Section III where defendants are to be listed or in a format following Section III.  (*Id.* at 4-5).  Thus, they are not being treated as defendants.  *See Id.* at 1, D.

[3] Since filing this action, plaintiff advised the Court on September 10, 2012 that he has been transferred to Childersburg Work Center.  (Doc. 5).

325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[4]  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist.  *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original)(citations omitted).  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949.  Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted.  *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney.  *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972).  The court, however, does not have

---

[4]The frivolity and the failure-to-state-a-claim analysis contained in *Neitzke v. Williams* was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996.  *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001).  However, dismissal is now mandatory under § 1915(e)(2)(B).  *Id.* at 1348-49.

"license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010) (relying on *Iqbal*, 566 U.S. 662, 129 S.Ct. 1937). Furthermore, the court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681, 129 S.Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

**III. Discussion.**

Plaintiff's claims are based on his disciplinary conviction of October 5, 2009, and on events that occurred before he received the disciplinary. Considering the nature of plaintiff's claims and his direct involvement in them, plaintiff was well aware of his claims when the complained of events transpired. However, plaintiff waited more that two years from when his claims occurred to bring this action.

The statute of limitations for a § 1983 action is borrowed from a state's general or residual statute of limitations for personal injury actions, *Wallace v. Kato*, 549 U.S. 384, 387, 127 S.Ct. 1091, 1094, 166 L.Ed.2d 973 (2007); *Owens v. Okure*, 488 U.S. 235, 239, 109 S.Ct. 573, 576, 102 L.Ed.2d 594 (1989), because § 1983 does not contain a statute of limitations. *Id.* at 249-50, 109 S.Ct. at 582. Alabama's two-year statute of limitations for personal injuries is the statute of limitations used for §1983 actions filed in Alabama. *Lufkin v. McCallum*, 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.), *cert. denied*, 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l).

Even though state law determines the length of the limitations period, federal law governs when the statute of limitations begins to run, that is, when the cause of action accrues.

*Wallace*, 549 U.S. at 388, 127 S.Ct. at 1095. Under federal law, "[accrual occurs] when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief[.]" *Id*. (brackets in original) (citations and quotation marks omitted); *see Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987) (a section 1983 action accrues when a person with a reasonable regard for his rights is aware or has reason to know that he has been injured).

Therefore, considering the tenor of plaintiff's allegations, plaintiff knew that he was injured on October 5, 2009. At that time plaintiff had a complete cause of action against defendants for the claims that he brings in this action. However, plaintiff brought these claims to the Court's attention on July 9, 2012 when the Court received his complaint that he signed on July 1, 2012. (Doc. 1 at 7). Notwithstanding, the filing of prisoner's complaint occurs when a prisoner "deliver[s] it to the prison authorities for forwarding to the court clerk[.]" *Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L.Ed.2d 245 (1988); *see Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993) (extending *Houston* to § 1983 actions filed by *pro se* prisoners). Delivery of the present complaint occurred sometime between July 1, 2012 and July 9, 2012. Thus, the filing date between July 1, 2012 and July 9, 2012 is well beyond two years after the accrual of plaintiff's claims on October 5, 2009. As a consequence, the Court finds plaintiff's action is barred by the two-year statute of limitations and is due to be dismissed with prejudice as frivolous. *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990) (when an affirmative defense, such as the statute of limitations, would defeat a claim, the claim may be dismissed as frivolous); *Simon v. Georgia*, 282 F. App'x 739, *739-40 (11th Cir. 2008) (affirming a frivolous dismissal on statute of limitations grounds after *Bock*); *cf. Bock*, 549 U.S. at 215, 127 S.Ct. at 920-21 (when a successful affirmative defense, such as a statute of

limitations, appears on the face of a complaint, a complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim).[5]

**IV.  Conclusion.**

Based upon the foregoing reasons, it is recommended this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The instructions that follow the undersigned's signature contain important information regarding objections to the Report and Recommendation of the Magistrate Judge.

**DONE** this 26th day of September, 2012.

> s/ WILLIAM E. CASSADY
> **UNITED STATES MAGISTRATE JUDGE**

---

[5] On the face of the complaint, no ground is apparent that would prevent the application of the statute of limitations.  Therefore, the Court did not discussed another basis for the dismissal of the action or a portion thereof, i.e., *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), and 42 U.S.C. § 1997e(e), respectively.

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.    **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[6] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    **Transcript (applicable Where Proceedings Tape Recorded)**.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[6] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  FED.R.CIV.P. 72(b)(2).